```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
STACI K. JOHNSON            :      CIVIL ACTION
                            :
         v.                 :
                            :
MICHAEL J. ASTRUE*          :      No. 05-cv-5060-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                    February 15, 2007

      Plaintiff Staci K. Johnson appeals from the decision of the Commissioner denying her claim for disability insurance benefits under Title II of the Social Security Act. The magistrate judge to whom the case was referred recommends upholding the denial. Plaintiff filed objections, and a hearing was held. I conclude that the Commissioner's decision is supported by substantial evidence and must be upheld.

      Plaintiff is now 42 years old. She was a hairdresser and salon manager before she stopped working in December 1989 due to pain in her right arm and shoulder, brought on by work related activities. Plaintiff went to a number of specialists and was diagnosed in 1990 with right thoracic outlet syndrome, a neurovascular disease. Despite treatment, plaintiff's condition has worsened over the years, and now affects her left arm as well. Plaintiff has received workers' compensation since 1989.

---

      *    Substituted pursuant to Fed. R. Civ. Proc. 25(d).

Plaintiff filed the present claim for disability benefits in 1997. Because plaintiff was last insured for benefits on March 31, 1991, she must prove she was disabled on or before that date in order to qualify for any benefits under Title II. The Appeals Council having remanded the case twice for a new hearing, plaintiff's burden at the third and most recent hearing before the ALJ in 2005 was to establish that she was disabled in 1991, some fourteen years earlier.

Plaintiff herself testified that she has been unable to lift either of her arms since December 1989. She also submitted numerous medical records and testimonies from treating physicians and other medical and vocational experts, some dated to the relevant time period, December 1989 to March 31, 1991, and others to a later time. The ALJ concluded that although plaintiff suffered from a severe impairment in 1991, she retained the ability to perform certain limited sedentary tasks. A vocational expert questioned by the ALJ testified that a person with plaintiff's ability could find work as a surveillance systems monitor, a call-out operator, or an order clerk.

There is much medical evidence in the record that supports the ALJ's decision, and the magistrate judge has convincingly addressed plaintiff's arguments for overturning the ALJ's decision. Plaintiff's recollection of her condition

fourteen years earlier was contradicted by some medical evidence. The ALJ considered the treatment records of Dr. James Hunter that were within the relevant time period. It was not unreasonable for the ALJ not to discuss Dr. Hunter's opinions that were based on plaintiff's condition after the relevant time period. Nor was the ALJ required to seek further clarification from Dr. Stephen D. Lande when she did not find his report ambiguous.

In her objections to the magistrate judge's report, plaintiff also argues that the ALJ should have consulted a medical expert to determine the onset date of plaintiff's disability. That may be so when there is no contemporaneous medical evidence, as was the case in <u>Walton v. Halter</u>, 243 F.3d 703 (3d Cir. 2001), relied upon by plaintiff. Here, however, treatment records from the relevant time period provided the medical evidence for the ALJ to determine that plaintiff was not disabled as defined in the Social Security Act.

An order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


STACI K. JOHNSON              :        CIVIL ACTION
                              :
           v.                 :
                              :
MICHAEL J. ASTRUE             :        No. 05-cv-5060-JF
```

ORDER

AND NOW, this 15th day of February, 2007, upon consideration of the report and recommendation of Magistrate Judge Linda K. Caracappa, and plaintiff's objections thereto, and following oral argument, IT IS ORDERED:

1. The Magistrate's Report and Recommendation is APPROVED and ADOPTED.

2. Plaintiff's Motion for Summary Judgment is DENIED.

3. Defendant's Motion for Summary Judgment is GRANTED.

4. Judgment is entered in favor of the defendant and against the plaintiff.

5. Pursuant to Fed. R. Civ. Proc. 25(d), the current Commissioner of Social Security, Michael J. Astrue, is substituted for Jo Anne B. Barnhart.

6. The Clerk is directed to close the file.


                                       BY THE COURT:


                                       /s/ John P. Fullam
                                       John P. Fullam,   Sr. J.